# EXHIBIT A



**Service of Process Transmittal**
11/01/2021
CT Log Number 540510738

| | |
|---|---|
| **TO:** | Paul Bech<br>Chubb<br>436 Walnut St<br>Philadelphia, PA 19106-3703 |
| **RE:** | **Process Served in New Jersey** |
| **FOR:** | Great Northern Insurance Company  (Domestic State: IN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | J & S TELLERMAN L.L.C. vs. GREAT NORTHERN INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Summons, Verified Complaint, Verification, Attachment(s), Notice(s) |
| **COURT/AGENCY:** | BRONX COUNTY - SUPREME COURT, NY<br>Case # 8131902021E |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/01/2021 at 03:35 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service of this Summons, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Joel M. Simon<br>SMITH MAZURE, P.C.<br>111 John Street<br>New York, NY 10038<br>212-964-7400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/02/2021, Expected Purge Date: 11/07/2021<br><br>Image SOP<br><br>Email Notification,  Incoming Legal  incominglegal@chubb.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Nov 1, 2021

**Server Name:** Drop Service

| Entity Served | Great Northern Insurance Company |
|---|---|
| Case Number | 8131902021 |
| Jurisdiction | NJ |



SUPRME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------

J & S TELLERMAN L.L.C.

                         PLAINTIFF

VS

GREAT NORTHERN INSURANCE COMPANY

                         DEFENDANT

-------------------------------------------------------------------

*Index No. x*
*Date Filed:*

*X designate County as Bronx as the place of trial.*

*The basis of venue is the plaintiff's place of business.*

<u>**SUMMONS**</u>

**TO THE ABOVE-NAMED DEFENDANT:**

<u>SUMMONS</u>

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the attorney for Plaintiff within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York) and, in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
        September 28, 2021

                                           *Yours, etc.,*

                                           SMITH MAZURE, P.C.
                                           Attorneys for PLAINTIFF
                                           J & S TELLERMAN L.L.C.
                                           111 John Street
                                           New York, NY 10038
                                           (212) 964-7400
                                           Our File No. PARK-00111 RT

*TO:*

**Great Northern Insurance Company** *aka CHUBB c/o CT Corp.*
***820 Bear Tavern Rd***
***Ewing, NJ 08628***

SUPRME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------
J & S TELLERMAN L.L.C.

       PLAINTIFF

  VS

GREAT NORTHERN INSURANCE COMPANY

      DEFENDANT

-------------------------------------------------------------------

**VERIFIED COMPLAINT**

Index No.

  Plaintiff, J & S TELLERMAN L.L.C., by Smith Mazure P.C., as and for their Verified Complaint for declaratory judgment herein, respectfully set forth, upon information and belief, as follows:

## JURISDICTION AND VENUE

1. At all times hereinafter mentioned, Plaintiff J & S TELLERMAN L.L.C. was and still is a corporation licensed to do business in the State of New York.

2. At all times hereinafter mentioned, Defendant was and still is an insurance company duly organized and existing pursuant to the laws of the State of New York.

3. At all times hereinafter mentioned, Defendant was and still is a foreign company authorized to issue policies of insurance in the State of New York.

4. At all times hereinafter mentioned, Defendant was and still is an insurance company authorized to issue policies of insurance in the State of New York.

5. This action arises out of transactions and/or occurrences in the State of New York.

## BACKGROUND AND ALLEGATIONS

6. On or about September 16, 2018, a wall collapse occurred at Premises, 2846 Webster Avenue, Bronx, NY (The insured premises).

1

7. The premises and the plaintiff herein were insured under a policy of insurance issued by defendant and designated policy number 000035899730 (the policy).

8. Plaintiff submitted a claim to defendant for the damages incurred.

9. Defendant denied coverage, based solely upon the argument that the cause of the damages was long-term wear, tear, deterioration and severe corrosion of the structural metal components of the foundation wall.

10. The policy of insurance issued by defendant notes: "This Wear and Tear exclusion does not apply to ensuing loss or damage caused by or resulting from a specified peril or water."

11. The policy contains the following definition:

"Water means water that:

• escapes from processing equipment, plumbing systems, refrigeration systems, cooling systems or heating systems (other than underground storage tanks, underground piping or underground tubing) provided such water is intended to be contained in such processing equipment, plumbing systems, refrigeration systems, cooling systems or heating systems;

• backs up or overflows through sewers, drains or sump;

• seeps or leaks through basements, foundations, roofs, walls, floors or ceilings of any building or other structure; or.

• enters doors, windows or other openings in any building or other structure."

12. The actual cause of the loss was water seepage, which is a noted exception to the Wear and Tear exclusion under the policy.

13. Under the terms of the policy of insurance issued by Defendant, Plaintiff herein is entitled to coverage for the loss.

14. Defendant has failed to acknowledge its obligation to provide coverage to the Plaintiff herein in relation to this claim.

## AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiff repeat, reiterate, and reallege each and every allegation contained in the paragraphs "1" through "14" of the complaint, inclusive, with the same force and effect as if set forth at length herein.

16. In the instant matter and submitted claim, Plaintiff has submitted a claim which, on the four corner of the policy of insurance, is a covered claim under the policy of insurance issued by Defendant.

17. The policy of insurance issued by Defendant herein provide coverage in favor of Plaintiff herein for the claims asserted.

18. Defendant has failed to honor their obligations to Plaintiff.

19. The refusal by Defendant to honor their obligations by providing Plaintiff with coverage for the claim asserted constitutes an actual breach of contract.

20. As a result of the foregoing, Plaintiff has suffered and will continue to suffer direct and consequential harm and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeat, reiterate, and reallege each and every allegation contained in the paragraphs "1" through "20" of the complaint, inclusive, with the same force and effect as if set forth at length herein.

22. The policy of insurance at issue in this litigation provides coverage on behalf of Plaintiff herein with respect to the claims asserted.

23. Plaintiff herein tendered the claim to Defendant for the purpose of receiving coverage.

24. Upon information and belief, Defendant has refused to provide Plaintiff herein with the coverage they are entitled to under the subject policy of insurance.

25. As a result of the foregoing, an actual and justiciable controversy exists between Plaintiff and Defendant regarding the Defendants' obligation under the policies.

26. The obligation owed by Defendant to Plaintiff herein for coverage is for all costs, damages, and expenses incurred to date and going forward for the claim set forth.

27. Plaintiff herein seek a declaration that the policy of insurance issued by Defendant and which is the subject of this litigation, covers the claims set forth by Plaintiff herein and that Plaintiff is owed coverage including reimbursement of all damages and costs incurred under the subject policy with respect to those claims.

## AS AND FOR A THIRD CAUSE OF ACTION

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs "1" through "27" of the complaint, inclusive, with the same force and effect as if set forth at length herein

29. Defendant's failure to provide the coverage required under its policy constitutes bad faith claims handling under both the common law and any and all applicable statutes.

30. Plaintiff herein seek a declaration that the policy of insurance issued by Defendant and which is the subject of this litigation, covers the claims submitted to the Defendant herein and that Defendant has committed bad faith and bad faith claims handling in reference to this matter.

31. Plaintiff is entitled to punitive, exemplary and consequential damages.

**WHEREFORE**, Plaintiff, J & S TELLERMAN L.L.C. demands judgment against Defendant as follows:

A. With respect to the First Cause of Action, that this Court:

    1. Determine and declare that claim set forth herein and submitted to Defendant is covered under the insurance policies identified in this cause of action;

2. Determine and declare that pursuant to CPLR §3001, the Defendant is obligated under the within policy of insurance to provide coverage to the plaintiff for the claim submitted to the full extent of the policy limits and to indemnify the plaintiffs herein for any damages incurred;

3. Determine and declare that Defendant has breached their obligations with the contracts of insurance identified in this action;

4. Award money judgment to Plaintiff in an amount to be determined as compensation with the costs and disbursements of this action;

5. Determine and declare that the Defendant is required to reimburse the Plaintiff herein for all of its attorneys' fees, costs and other expenses incurred to date for the defense of the underlying action, as well as requiring payment for all attorneys' fees, costs and other expenses incurred by the Plaintiffs with regard to this action;

6. Grant such other and further relief as this Court may deem just and equitable, including interest, costs and attorneys' fees.

B. With respect to the Second Cause of Action, that this Court:

1. Determine and declare that the claim submitted by Plaintiffs herein is covered under the insurance policy identified in this cause of action;

2. Determine and declare that pursuant to CPLR §3001, the Defendant is obligated under the within described policy of insurance to the Plaintiffs herein to the full extent of the policy limits and to indemnify Plaintiff herein for any damages incurred in relation to the claim submitted;

3. Determine and declare that Defendant has breached their obligations with the contracts of insurance identified in this action;

4. Award money judgment to Plaintiff in an amount to be determined as compensation with the costs and disbursements of this action;

5. Determine and declare that the Defendant is required to reimburse the Plaintiff herein for all of its attorneys' fees, costs and other expenses incurred to date as well as requiring payment for all attorneys' fees, costs and other expenses incurred by the Plaintiffs with regard to said claim;

6. Grant such other and further relief as this Court may deem just and equitable, including interest, costs and attorneys' fees.

C. With respect to the Third Cause of Action, that this Court:

1. Determine and declare that the underlying action against Plaintiff herein is covered under the insurance policy identified in this cause of action;

5

2. Determine and declare that pursuant to CPLR §3001, the Defendant is obligated under within described policy of insurance to the Plaintiff herein to the full extent of the policy limits and to indemnify Plaintiffs herein for any damages or expenses in relation to the claim submitted;

3. Determine and declare that Defendant has breached their obligations of good faith under the contract of insurance identified in this action.

4. Award money judgment to Plaintiff in an amount to be determined as compensation with the costs and disbursements of this action;

5. Determine and declare that the Defendant is required to reimburse the Plaintiff herein for all of its attorneys' fees, costs and other expenses incurred to date for the defense of the underlying action, as well as requiring payment for all attorneys' fees, costs and other expenses incurred by the Plaintiff with regard to said underlying action;

6. Grant such other and further relief as this Court may deem just and equitable, including interest, costs and attorneys' fees.

Dated: New York, New York
September 28, 2021

*Yours, etc.,*

SMITH MAZURE, P.C.
Attorneys for Plaintiff
J & S TELLERMAN L.L.C.
111 John Street
New York, NY 10038
(212) 964-7400
Our File No. PARK-00111 RT

JMS/jms
21

## VERIFICATION

Joel M. Simon, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following under penalty of perjury and pursuant to CPLR 2106:

I am a member of Smith Mazure, P.C., and I have read the contents of the foregoing summons and verified complaint and it is true of my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe them to be true.

( x )     I make this verification because Plaintiff, J & S TELLERMAN L.L.C., reside outside of the county where Smith Mazure P.C. maintains its office.

( )     I make this verification because Plaintiff J & S TELLERMAN L.L.C.., is a corporation, and Smith Mazure, P.C. is its attorney in this action and my knowledge is based upon all facts and corporation records available and in my possession.

Dated: New York, New York
        September 28 ,2021

_____
Joel M. Simon

PARK-00111 RT/21

SUPRME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

INDEX NO.

J & S TELLERMAN L.L.C.

PLAINTIFF

VS

GREAT NORTHERN INSURANCE COMPANY

DEFENDANT

**SUMMONS AND VERIFIED COMPLAINT**

**SMITH MAZURE, P.C.**
Attorneys for Plaintiff
J & S TELLERMAN L.L.C..
111 John Street
New York, NY 10038
(212) 964-7400
PARK-00111 RT

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a**

Joel M. Simon hereby certifies to the best of the undersigned's knowledge and information and belief and after an inquiry reasonable under the circumstances, that, pursuant to 22 N.Y.C.R.R. §130-1.1a-b, (1) the contentions contained in the annexed document are not frivolous as defined in section 130-1.1(c) of this Subpart, and (2) where the paper is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned there from, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a [DR 7-111].

Dated:     New York, New York
           September 28, 2021

_____
JOEL M. SIMON

JMS/jms
21




# NYSCEF - Bronx County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 09/28/2021 03:55 PM. Please keep this notice as a confirmation of this filing.

**Index Number NOT assigned**

**J & S TELLERMAN L.L.C. v. GREAT NORTHERN INSURANCE COMPANY**

**Assigned Judge: None Recorded**

## Documents Received on 09/28/2021 03:55 PM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

## Filing User

Joel M Simon | jsimon@smithmazure.com | 212-485-8756
111 John Street, New York, NY 10038

## E-mail Notifications

An email regarding this filing has been sent to the following on 09/28/2021 03:55 PM:

**JOEL M. SIMON - jsimon@smithmazure.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | GREAT NORTHERN INSURANCE COMPANY | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Kevin Rothermel, Acting Bronx County Clerk**
Phone: 718-590-8122 (fax)    Website: http://ww2.nycourts.gov/COURTS/12JD/BRONX/countyclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
J & S TELLERMAN LLC,

                              Plaintiff,

-against-

GREAT NORTHERN INSURANCE COMPANY,

                              Defendant.
-----------------------------------------------------------------------X

**NOTICE PURSUANT TO CPLR 3402(b)**

Index No. 813190/2021E

### NOTICE OF ELECTRONIC FILING
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1)     The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2)     You are a Defendant/Respondent (a party) in this case .

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2) .

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  if you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

    o   serving and filing your documents electronically

    o   free access to view and print your e-filed documents

    o   limiting your number of trips to the courthouse

- o   paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or

- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1)   immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2)   file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: New York, New York
October 21, 2020

>*Yours, etc.,*
>
>SMITH MAZURE, P.C.
>Attorneys for Plaintiff
>J & S Tellerman, LLC
>111 John Street
>New York, NY  10038
>(212) 964-7400
>Our File No. PARK-00111

TO:

Via Department of Financial Services
Great Northern insurance Company 2028 Hall's Mill Road
Whitehouse Station, NJ 08889

JMS/myw
24